Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | ) | CHAPTER 13 BANKRUPTCY |
|---|---|---|
| | ) | |
| SAMUEL LEAP | ) | CASE NO.  2-09-bk-13048-GBN |
| xxx-xx-5642 | ) | |
| CHARLENE LEAP | ) | TRUSTEE'S EVALUATION AND |
| xxx-xx-6543 | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| Debtor(s) | ) | RE:  CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a.  Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b   Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.

c.  The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d   The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e.  The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

Trustee's Recommendation
Case #09-13048
Page 2. . . . . . .

f.    The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.    At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.    If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.    Interim Plan payments are current with payment of $1,271.02 due 9/11/09.

2.    The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on the petition date.

3.    The proof of claim filed by the Provident Funding differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by September 18, 2009. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

4.    Debtor/wife received $1,200.00 from a personal injury claim shortly after filing this case. The funds have been submitted to the Estate. The Trustee requires language to be included in the Order Confirming providing for these funds to be submitted as supplement funds to the Estate.

5.    The Trustee requires an amended Chapter 7 Reconciliation as Debtor has failed to incorporate all non-exempt assets.

6.  The Trustee requires the Debtor(s) to provide documentation to verify their social security/pension income.

    The Trustee requires copies of Debtors' two most recent consecutive paycheck stubs from each employer for each employed Debtor for verification of income and deductions

7.  The Trustee requires **completed** and **signed** copies of Debtor's 2008 corporate State and Federal tax returns, W-2's and 1099's.

8.  Debtor/husband has indicated that he has a part-time job. This information is not included on Schedule I. The Trustee requires clarification regarding this issue and an Amended Schedule I incorporating all disposable income into the Plan payments.

9.  Debtors' show ownership in a corporation. Debtors' Statement of Financial Affair fails to include any information regarding this business. The Trustee requires the Statement of Financial Affair to be amended, filed and copy provided to the Trustee.

    Debtors' Plan proposed to terminate the business lease contract, so the Trustee will not require monthly operating reports. However, if this business was operating anytime between December, 2008 and May, 2009, the Trustee will require the 22C to be appropriately amended incorporating all monthly gross income from the business into the 22C.

    If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

    The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 9 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**


Date See Electronic Signature Block

_____
                                        Edward J. Maney, Trustee

–3–

1 | Copies of the foregoing
mailed on this date See Electronic
2 | Signature Block to:

3 | Joseph Charles
P. O. Box 1737
4 | Glendale, AZ   85311

5 | 
Samuel and Charlene Leap
6 | P. O. Box 872
Litchfield Park, AZ   85340

7

8

9 | _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28